UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WALID JAMIL, et al, | Case No. 2:15-CV-1363 JCM (GWF) |
| Plaintiff(s), | ORDER |
| v. | |
| CAESARS ENTERTAINMENT CORPORATION, et al. | |
| Defendant(s). | |

Presently before the court is defendants Caesars Entertainment Corp., Steve Morris, Joseph Rahi, and Gerald Tuthill's motion for attorneys' fees and costs. (Doc. # 46). Plaintiffs Walid and Awatif Jamil filed a response (doc. # 47), and defendants filed a reply (doc. # 48).

**I.   Background**

This case stems from plaintiff Walid Jamil's ("Walid") default on a casino marker.[1] In October 2012, Walid and Caesars entered into a $450,000 casino marker.[2] (Doc. # 1 at 3). Walid failed to repay the marker and defaulted. (*Id.*). Plaintiffs allege that Caesars improperly entered into the marker with Walid despite Caesars' knowledge, through its employees, that Walid did not have sufficient funds to repay the marker, had previously defaulted on another casino's marker, had gone through bankruptcy proceedings, and purportedly suffers from gambling addiction. (*Id.*).

---

[1] A marker is a gambling credit instrument that allows a gambler to receive all or part of the credit line the casino has approved for him, based on the gambler's prior credit application with the casino. *See Las Vegas Sands, LLC v. Nehme*, 632 F.3d 526, 529 (9th Cir. 2011).

[2] Defendants note that Walid actually entered into a marker with Rio All-Suites Hotel & Casino ("Rio"). Rio is an operating subsidiary of Caesars. For the purposes of this order, the court will refer to Walid's marker and contract as being with the parent company, Caesars.

James C. Mahan
U.S. District Judge

Walid asserts that Caesars, again through its employees, represented to him that the marker would not be referred to the Clark County district attorney for prosecution, even though Caesars is authorized to do so by law under Nevada Revised Statute ("NRS") § 205.130. (*Id.* at 4).

Caesars turned the marker over to the district attorney. (*Id.* at 5). Clark County issued a warrant for Walid's arrest. (*Id.*). Customs arrested Walid on February 24, 2014, when Walid was returning into the United States from the Dominican Republic. (*Id.*). Walid spent four days in jail before being released. (*Id.*).

Walid and his wife, Awatif, initiated the instant action on August 21, 2014, asserting numerous claims and requests for damages stemming from Walid's incarceration. (*See generally* doc. # 1). Plaintiffs brought claims against defendants for (1) negligence; (2) gross negligence; (3) deceptive trade practices; (4) conversion; (5) civil conspiracy; and (6) unjust enrichment. (*See generally* doc. # 1). Defendants moved to dismiss plaintiffs' complaint in its entirety. (Doc. # 24).

On April 30, 2015, the court granted defendants' motion to dismiss. Defendants filed the instant motion for attorneys' fees and costs on May 14, 2015. (Doc. # 46).

II.     **Legal standard**

Under Federal Rule of Civil Procedure 54(d), a prevailing party may seek costs and fees. Fed. R. Civ. P. 54(d)(1)–(2). A party seeking fees must: (i) file the motion no later than 14 days after the entry of judgment; (ii) specify the judgment and the statute, rule, or other grounds entitling the movant to the award; (iii) state the amount sought or provide a fair estimate of it; and (iv) disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made. Fed. R. Civ. P. 54(d)(2). Local Rule 54–16(b) further requires that the motion include the following components:

1. A reasonable itemization and description of the work performed;
2. An itemization of all costs sought to be charged as part of the fee award and not otherwise taxable pursuant to LR 54–1 through 54–15;
3. A brief summary of the following:
   A. The results obtained and the amount involved;

**James C. Mahan**
**U.S. District Judge**

- 2 -

      B.  The time and labor required;

      C.  The novelty and difficulty of the questions involved;

      D.  The skill requisite to perform the legal service properly;

      E.  The preclusion of other employment by the attorney due to acceptance of the case;

      F.  The customary fee;

      G.  Whether the fee is fixed or contingent;

      H.  The time limitations imposed by the client or the circumstances;

      I.  The experience, reputation, and ability of the attorney(s);

      J.  The undesirability of the case, if any;

      K.  The nature and length of the professional relationship with the client;

      L.  Awards in similar cases; and,

  4.  Such other information as the Court may direct.

LR 54–16(b). In addition, the motion for attorneys' fees and costs must be accompanied by an affidavit from the attorney responsible for the billings in the case to authenticate the information contained in the motion, and to prove that the fees and costs sought are reasonable. LR 54–16(c). A failure to provide the documentation required by LR 54–16(b) and (c) in a motion for attorneys' fees "constitutes a consent to the denial of the motion." LR 54–16(d).

### III. Discussion

Defendant now moves for attorneys' fees under Federal Rule of Civil Procedure 54(d)(2). Under Nevada law, attorneys' fees are available only when "authorized by rule, statute, or contract." *Flamingo Realty, Inc. v. Midwest Dev., Inc.*, 110 Nev. 984, 991 (1994). The decision to award attorneys' fees is left to the sound discretion of the district court. *Id.* NRS § 18.010 states in relevant part:

> 1. The compensation of an attorney and counselor for his or her services is governed by agreement, express or implied, which is not restrained by law.
> 2. In addition to the cases where an allowance is authorized by specific statute, the court may make an allowance of attorney's fees to a prevailing party:
>
>   (a) When the prevailing party has not recovered more than $20,000; or

**James C. Mahan**
**U.S. District Judge**

- 3 -

> (b) Without regard to the recovery sought, when the court finds that the claim, counterclaim, cross-claim or third-party complaint or defense of the opposing party was brought or maintained without reasonable ground or to harass the prevailing party. . . .
>
> 3. In awarding attorney's fees, the court may pronounce its decision on the fees at the conclusion of the trial or special proceeding without written motion and with or without presentation of additional evidence.
>
> 4. Subsections 2 and 3 do not apply to any action arising out of a written instrument or agreement which entitles the prevailing party to an award of reasonable attorney's fees.

Nev. Rev. Stat. § 18.010.

Each marker Walid entered into contains the following language:

> I [Walid Jamil] agree that any dispute regarding or involving this instrument, the debt, or the payee shall be brought only in court, state or federal, in Nevada. I hereby submit to the jurisdiction of any court, state or federal, in Nevada. In addition to any amounts authorized by law, I agree to pay all costs of collection including the payee's attorneys' fees and court costs.

The court notes that defendants have filed their motion in compliance with federal and local rules. Defendants assert that the marker is a contract that allows for the recovery of attorneys' fees and costs in any dispute regarding or involving the marker, the debt, or the payee. Therefore, defendants assert that because the instant case involves a dispute regarding the $450,000 debt that Walid owes Caesars, Caesars is allowed to recover the attorneys' fees and costs that it expended in defending the instant action.

Plaintiffs respond that the marker language indicates that Caesars is entitled to obtain its attorneys' fees and costs as a part of any recovery action it brings to collect on an unpaid marker.

The court finds the subject provision unambiguous. The first two sentences address the jurisdiction of "any dispute" involving the marker. However, the final sentence addresses a separate subject – Walid's agreement to pay any costs, specifically including attorneys' fees and costs, that Caesars incurs from collecting the debt. Plaintiffs brought this action alleging various torts and other violations that do not concern Caesars' collection of a debt.

Even if the court found the marker language to be ambiguous, the court would still find the denial of attorneys' fees appropriate. When a contract is ambiguous—i.e. subject to more than one reasonable interpretation—any ambiguity should be construed against the drafter. *See Anvui,*

James C. Mahan
U.S. District Judge

- 4 -

*LLC v. G.L. Dragon, LLC*, 123 Nev. 212, 215–16 (2007). The drafter here is Caesars. Therefore, even if the language was susceptible to more than one reasonable interpretation, the court would interpret the provision against Caesars as the drafting party. *See Doe v. Light Grp., LLC*, No. 2:13-cv-2323-APG-PAL, 2014 WL 1764794, at *2 (D. Nev. May 1, 2014) (inter-preting ambiguous provision against drafting company).

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants Caesars Entertainment Corp., Steve Morris, Joseph Rahi, and Gerald Tuthill's motion for attorneys' fees and costs (doc. # 46) be, and the same hereby is, DENIED.

DATED July 1, 2015.

James C. Mahan

UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge